FILED 13 NOV '12 17:32 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN LOYDD SPRADLEY,

          Plaintiff,              6:11-cv-1074-TC

          v.                      REPORT AND
                                  RECOMMENDATION
COUNTY OF KLAMATH, et al.,

          Defendants.

COFFIN, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon
Department of Corrections filed a complaint alleging
violations of his constitutional rights while he was
incarcerated in the Klamath County Jail.  Defendants now move
to dismiss or in the alternative for summary judgment (#31).

     Defendants move to dismiss  on the ground that plaintiff
failed to exhaust available administrative remedies as to his
claims  as  required  by  the  Prison  Litigation  Reform  Act

1 - REPORT AND RECOMMENDATION

("PLRA").

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001). Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). "[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that plaintiff's are required to "complete the administrative review process in accordance with the applicable procedural rules including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Woodford v. Ngo, 548 U.S. at 88; see also, Jones v. Bock, 549 U.S. 199, 218 (2007) (stating that a prison's grievance requirements "define the boundaries of proper exhaustion"). Administrative exhaustion is a defense which "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Thus, "[i]n deciding a motion to dismiss for a

2 - REPORT AND RECOMMENDATION

failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.*

Between December 2008 and September 2010, plaintiff was incarcerated in the Klamath County Jail while criminal charges against him were pending. Davidson Declaration (#35) p. 2. On at least five separate occasions during this time period, plaintiff was provided with an inmate handbook setting forth the process for filing a grievance. Id. Plaintiff never filed a grievance at the Klamath County Jail. Id. p. 3-4.

Accordingly, defendants' motion to dismiss for failure to exhaust administrative remedies should be allowed. Although the dismissal should be without prejudice, as a practical matter litigation of the claims alleged in plaintiff's complaint will be barred by dismissal because plaintiff is no longer incarcerated in the Klamath County Jail and the time for filing grievances is long past.

Because the exhaustion issue is dispositive of this case, it is not necessary to address the issues raised in defendants' alternative motion for summary judgment. However, I note for the record that the arguments are well taken, and supported by appropriate evidence.

3 - REPORT AND RECOMMENDATION

Defendants' Motion to Dismiss (#31) should be allowed. This case should be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 9th day of November, 2012.

THOMAS M. COFFIN
United States Magistrate Judge