IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN LOYDD SPRADLEY,

        Plaintiff,        1:11-cv-1074-TC

        v.        ORDER

COUNTY OF KLAMATH, et al.,

        Defendants.

COFFIN, Magistrate Judge.

The Findings and Recommendation (#52) entered November 11, 2012, is hereby withdrawn and the Order below is substituted therefor.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint alleging violations of his constitutional rights while he was incarcerated in the Klamath County Jail. Defendants now move to dismiss or in the alternative for summary judgment (#31).

1 - ORDER

Defendants move to dismiss on the ground that plaintiff failed to exhaust available administrative remedies as to his claims as required by the Prison Litigation Reform Act ("PLRA").

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001). Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). "[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that plaintiff's are required to "complete the administrative review process in accordance with the applicable procedural rules including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Woodford v. Ngo, 548 U.S. at 88; see also, Jones v. Bock, 549 U.S. 199, 218 (2007) (stating that a prison's grievance requirements "define the boundaries of proper exhaustion").
Administrative exhaustion is a defense which "should be treated as a matter in abatement, which is subject to an

2 - ORDER

unenumerated Rule 12(b) motion rather than a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Thus, "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, "the proper remedy is dismissal of the claim without prejudice." Id.

Between December 2008 and September 2010, plaintiff was incarcerated in the Klamath County Jail while criminal charges against him were pending. Davidson Declaration (#35) p. 2. On at least five separate occasions during this time period, plaintiff was provided with an inmate handbook setting forth the process for filing a grievance. Id. Plaintiff never filed a grievance at the Klamath County Jail. Id. p. 3-4.

Accordingly, defendants' motion to dismiss for failure to exhaust administrative remedies is allowed. Although the dismissal is without prejudice, as a practical matter litigation of the claims alleged in plaintiff's complaint will be barred by dismissal because plaintiff is no longer incarcerated in the Klamath County Jail and the time for filing grievances is long past.

Because the exhaustion issue is dispositive of this case, it is not necessary to address the issues raised in

3 - ORDER

defendants' alternative motion for summary judgment. However, I note for the record that the arguments are well taken, and supported by appropriate evidence.

Defendants' Motion to Dismiss (#31) is allowed. This case is dismissed without prejudice.

*Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 16 day of November, 2012.

————————————————
THOMAS M. COFFIN
United States Magistrate Judge

4 - ORDER